_____

No. 95-3216
_____

Gerald Misner,                      *
                                    *
        Plaintiff-Appellant,        *   Appeal from the United States
                                    *   District Court for the
    v.                              *   Southern District of Iowa.
                                    *
Shirley S. Chater, Commissioner     *
of Social Security,                 *
                                    *
        Defendant-Appellee.         *


_____

        Submitted:  March 14, 1996

          Filed:  April 2, 1996
_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.
_____


HANSEN, Circuit Judge.

    Gerald Misner appeals the judgment of the district court,[1] affirming the Commissioner's decision that Misner was not entitled to benefits prior to March 1, 1994.  We affirm.

    Misner applied for Supplemental Security Income (SSI) under Title XVI of the Social Security Act and for Disability Insurance Benefits (DIB) under Title II of the Act, alleging disability due to back and lung problems.  Misner alleged that he became disabled as of August 2, 1988, and he met the disability insured status requirements through December 31, 1992, for purposes of his DIB

_____

    [1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

application. The Social Security Administration initially denied both applications.

Misner requested and obtained a hearing before an Administrative Law Judge (ALJ). The ALJ determined that Misner was disabled and entitled to SSI benefits as of March 1, 1994, but that he was not entitled to DIB because his disability did not arise until after his insured status had expired in December of 1992. Specifically, the ALJ found that Misner has severe impairments of degenerative arthritis with complaints of low back pain, peptic ulcer disease, chronic obstructive pulmonary disease, a history of anxiety and depression, and a history of alcohol abuse. The ALJ further found that while these impairments in combination prevent him from returning to his past relevant work, they do not meet or equal a listed impairment.

For purposes of the DIB application, the ALJ found that from the alleged date of disability (August 1988) through the expiration of Misner's insured status (December 1992), Misner retained the residual functional capacity to lift and carry up to 25 pounds at a time and 10 to 15 pounds repeatedly, he could stand and sit each for 1/2 hour at a time and walk 1/2 to 1 hour at a time, and he could not have endured repetitive bending, stooping, squatting, or crawling. Based on the testimony of a vocational expert (VE), the ALJ determined that throughout the period when he was last insured, Misner could perform some light jobs identified by the VE at the hearing.

For purposes of the SSI application, the ALJ found that Misner currently retains the residual functional capacity to carry up to 20 pounds at a time and 10 pounds repeatedly, he can stand 1/2 to 1 hour at a time and sit 3/4 to 1 hour at a time, and he must still avoid repetitive bending, stooping, squatting, and climbing. Additionally, Misner must now avoid working with his arms overhead. Misner's age became the deciding factor on his SSI application.

The ALJ determined that before Misner reached the age of 55 in March of 1994, he was capable of performing the light jobs identified by the VE. After that point, the regulations consider Misner to be a person approaching advanced age, and the grid, 20 C.F.R. pt. 404, subpt. P., app. 2, tbl. 2, rule 202.06, dictates a finding of disability. Thus, the ALJ awarded SSI benefits beginning on March 1, 1994.

Misner sought judicial review of both the denial of his claim for DIB and the denial of SSI benefits prior to March 1, 1994. He argued that the ALJ did not properly apply Social Security Ruling 88-13 (superseded), which outlined the framework for evaluating pain and other symptoms. Additionally, he argued that the ALJ did not properly include all of Misner's relevant limitations in the hypothetical question posed to the vocational expert. The district court concluded that the ALJ properly evaluated Misner's subjective complaints and properly reworded the hypothetical question posed to the VE after Misner's attorney objected to the language of the question. Accordingly, the district court determined that substantial evidence on the whole record exists to support the decision of the Commissioner.

On appeal, Misner raises one argument. He contends that the testimony of the VE is inconsistent with Social Security Ruling 83-12 (stating that unskilled jobs ordinarily do not allow for alternating positions at will between standing and sitting). Specifically, Misner contends that not all of the unskilled light jobs listed by the VE would allow him to alternate positions as he must.

Misner did not raise this argument before the district court. Because Misner raises this argument for the first time on appeal, we need not consider it unless he can show that a manifest injustice will otherwise result. Novotny v. Chater, 72 F.3d 669,

3

670 (8th Cir. 1995); <u>Ownbey v. Shalala</u>, 5 F.3d 342, 345 (8th Cir. 1993). Misner has made no such showing.

In any event, our review of the record convinces us that the ALJ's determination that Misner could perform certain light jobs prior to March 1, 1994, is supported by substantial evidence on the whole record. The VE acknowledged that a person with Misner's residual functional capacity would not be capable of performing all jobs categorized as light work but would be capable of performing some light jobs, including office helper and inserting machine operator. The VE further specifically testified that these jobs allow for alternating positions, which is consistent with Misner's limitations. <u>See</u> <u>Carlson v. Chater</u>, 74 F.3d 869, 871 (8th Cir. 1996) (rejecting an identical argument). Thus, Misner's argument fails.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4