Donald S. PETERSON, Plaintiff–
Appellant,

v.

Shirley S. CHATER, Commissioner
of Social Security, Defendant–
Appellee.

No. 96–1906.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 7, 1996.

Decided Sept. 24, 1996.

Timothy T. Sempf (argued) and Gerald N. Gust, Novitzke, Gust & Sempf, Amery, WI, for Plaintiff–Appellant.

Richard D. Humphrey, Office of the United States Attorney, Madison, WI and Suzanne E. Duman (argued), Department of Social Security Administration, Office of General Counsel, Region V, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.

POSNER, Chief Judge.

Donald Peterson sought judicial review of the denial of his application for social security disability benefits, and appeals to us from the adverse decision of the district court. We do not have to look farther than the administrative law judge's opinion to determine that the case must be remanded to the agency. Peterson, a man in his mid-forties formerly employed in food processing, has, because of an injury that he sustained at work, degenerative changes in his spine which limit his activities. Evaluating the medical and other evidence, the administrative law judge opined that Peterson "could lift twenty pounds and could sit, stand, or walk for one hour at a time," could "perform normal activities of daily living including the cleaning [of] the house and riding the mower," and had therefore "a limited ability to work." Peterson could no longer do the heavy work he used to do, but he could, the administrative law judge thought, "perform sedentary to light exertional work." In his

formal findings, which followed the discussion of the evidence from which we have quoted, the administrative law judge determined that Peterson "has the residual functional capacity to perform the physical exertion requirements of work *except for work at greater than the light exertional level or work which requires prolonged sitting, standing, and walking*" (emphasis added). He also determined that Peterson "has the residual functional capacity to perform sedentary to light work." Under the Social Security Administration's algorithm for determining disability (the "grid"), a person of Peterson's age and education who can do sedentary work is deemed not disabled.

At argument the Social Security Administration's lawyer described the administrative law judge's finding that Peterson can do sedentary to light work as a "credibility" determination to which we must defer. It is nothing of the sort. It is the application of a legal standard (sedentary work as defined by the Social Security Administration) to the medical facts concerning Peterson's physical capacity. As such, it is still entitled to substantial deference (as in review for "clear error" or the administrative equivalent "substantial evidence"), *e.g., E & L Transport Co. v. NLRB*, 85 F.3d 1258, 1269 (7th Cir.1996); *Sarchet v. Chater*, 78 F.3d 305, 308–09 (7th Cir.1996); *Carle Foundation Hospital v. Shalala*, 57 F.3d 597, 599 (7th Cir.1995); *Sample v. Shalala*, 999 F.2d 1138, 1142–43 (7th Cir.1993); *Amax Coal Co. v. Franklin*, 957 F.2d 355, 357–58 (7th Cir. 1992); *Clow Water Systems Co. v. NLRB*, 92 F.3d 441, 445 (6th Cir.1996), though not as much deference as a determination of credibility (whether a witness is believable) would be entitled to. *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). But the administrative law judge's finding that Peterson can do sedentary work is in conflict with another finding by the administrative law judge—that Peterson is not capable of working in a job that requires prolonged sitting, standing, and walking. The reason for the conflict is that the Social Security Administration has determined that an individual who "may be able to sit for a time, but must then get up and stand or walk for awhile [*sic*] before returning to sitting ... is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work ... or the prolonged standing or walking contemplated for most light work." Soc. Sec. Ruling 83–12. So if, as the administrative law judge found, Peterson is not capable of prolonged sitting, standing, and walking, he is not capable of doing sedentary or light work—contrary to the administrative law judge's other finding. The two findings are irreconcilable, requiring a remand to the agency for new findings. *Allen v. Sullivan*, 977 F.2d 385, 390 (7th Cir.1992). We do not know why the Appeals Council of the Social Security Administration failed to spot the conflict. Had it done so, it would have saved both the taxpayers and the applicant the expense of this two-tier judicial review proceeding (review by the district court followed by de novo review by the court of appeals).

If the administrative law judge adheres to his finding that Peterson is incapable of prolonged sitting, standing, and walking, that will not be the end of the case. The ruling we just quoted from goes on to point out that there are some jobs in which "a person can sit or stand with a degree of choice." The ruling says that these are "typically professional and managerial" jobs, jobs for which Peterson is not qualified. But some jobs of neither a professional nor a managerial character allow the worker to get up every hour or so and move around, and Peterson may be capable of holding such a job, since his treating physician reported that Peterson can sit for an hour at a time. The ruling indicates, and the cases interpreting it consistently hold, that in the case of an applicant for disability benefits who cannot sit or stand indefinitely, a vocational expert, vocational dictionary, or other appropriate guide or source must be consulted to determine whether there are sufficient jobs in the national economy that the applicant is physically capable of holding to justify a conclusion that he is not disabled. E.g., *DeFrancesco v. Bowen*, 867 F.2d 1040, 1045 (7th Cir.1989); *Soliz v. Chater*, 82 F.3d 373 (10th Cir.1996); *Misner v. Chater*, 79 F.3d 745, 746 (8th Cir. 1996); *Jesurum v. Secretary of Health & Human Services*, 48 F.3d 114, 120 (3d Cir.

1995). This will have to be done here if the administrative law judge adheres to his finding that Peterson is not capable of prolonged sitting or standing. An additional factor which in that event will have to be addressed is whether the fact that Peterson is missing the tip of one of his fingers and has carpal tunnel syndrome affecting the wrist of the same hand—impairments that do not in themselves disable him from performing sedentary or light work—do so when considered in conjunction with his need to alternate standing and sitting, as they should be. 20 C.F.R. §§ 404.1523, 416.923; 20 C.F.R. Part 404, Subpart P, App. 2, Ex. 1; *Johnson v. Sullivan,* 922 F.2d 346, 350–52 (7th Cir.1990) (en banc).

The judgment of the district court is reversed with directions to remand the case to the Social Security Administration for further proceedings consistent with this opinion.