Kathryn K. GROVES, Plaintiff–
Appellant,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant–
Appellee.

No. 97–3688.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1998.

Decided June 30, 1998.

---

Jason W. Whitley (argued), Novitzke, Gust & Sempf, Amery, WI, for Plaintiff-Appellant.

Peggy A. Lautenschlager, Office of the United States Attorney, Madison, WI, John Lee (Argued), Social Security Administration, Office of the General Counsel, Region V, Chicago, IL, for Defendant-Appellee.

Before POSNER, Chief Judge, and CUDAHY and ESCHBACH, Circuit Judges.

POSNER, Chief Judge.

This is an appeal from a decision by the district court affirming the denial of social security disability benefits to Kathryn Groves. Groves is a middle-aged woman who has chronic degenerative disc disease in several of her spinal discs and has had two operations on her spine. After working for many years as an x-ray technician, she quit in 1990 allegedly because of the pain caused by her spinal condition. The following year she applied for disability benefits. The application was denied, and rather than appeal-ing the denial she filed a second application alleging a later date (November 14, 1994) for the onset of total disability.

Under the regulations governing the social security disability program, an applicant is deemed disabled, without regard to her actu-al ability to work, if she has a medical condi-tion that appears on a list of per se disabling conditions. One item on this list, Listing 1.05C, is spinal disease expected to last at least twelve months that involves both "(1) pain, muscle spasm, and significant limitation of motion in the spine; and (2) appropriate radicular [i.e., resulting from pressure on a nerve originating in the spinal cord] distribu-tion of significant motor loss with muscle weakness and sensory and reflex loss." Groves claims that the administrative law judge erred in failing to find that her disc disease fits the description in the listing.

She also argues, correctly but irrel-evantly, that the district judge should not have refused to look at the medical evidence submitted in connection with her first appli-cation for benefits. The argument is correct because although the final judgment denying that application was res judicata, this did not render evidence submitted in support of the application inadmissible to establish, though only in combination with later evidence, that she had become disabled after the period covered by the first proceeding. Res judica-ta bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994. *Rucker v. Chater*, 92 F.3d 492, 495 (7th Cir.1996); *Purter v. Heckler*, 771 F.2d 682, 690–91 (3d Cir.1985); cf. *Pea-body Coal Co. v. Spese*, 117 F.3d 1001, 1007–08 (7th Cir.1997) (en banc). What is true is that under the collateral estoppel branch of res judicata, the judgment denying the earli-er claim may bar the relitigation of issues essential to the second claim as well. But it need not, especially when the disabling condi-tion is progressive; for in that event there is no necessary inconsistency in finding an ap-plicant not disabled at time $t$ but disabled at $t+1$. There thus is no absolute bar to the admission in the second proceeding of evi-dence that had been introduced in the prior proceeding yet had not persuaded the agency

to award benefits. The "readmission" of that evidence is barred only if a finding entitled to collateral estoppel effect establishes that the evidence provides no support for the current claim. *Robbins v. HHS*, 895 F.2d 1223, 1224 (8th Cir.1990) (per curiam). That would be true if the earlier evidence had been found unworthy of belief. This is not what happened here. The earlier evidence just wasn't strong enough *by itself* to establish disability. It still might reinforce or illuminate or fill gaps in the evidence developed for the second proceeding. *Robertson v. Sullivan*, 979 F.2d 623, 625 (8th Cir.1992) (per curiam); *Frustaglia v. HHS*, 829 F.2d 192, 193 (1st Cir.1987) (per curiam).

■ But the district judge's error is irrelevant because our review of his decision is de novo, which means that we review the decision by the administrative law judge without giving any deference to the district judge's review of that decision. *Griffith v. Callahan*, 138 F.3d 1150, 1152 (7th Cir.1998); *Peterson v. Chater*, 96 F.3d 1015, 1016 (7th Cir.1996); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir.1996). This raises the question why there should be two tiers of review of identical scope of the administrative decision, *Kolman v. Shalala*, 39 F.3d 173, 176 (7th Cir. 1994); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3943, p. 809 (2d ed.1996), but that is a question properly addressed to Congress rather than to the courts.

■ The record contains conflicting evidence concerning the severity of Groves's back problem.The administrative law judge could have gone either way. But because his opinion fails to build a bridge from the evidence to the conclusion and is thus analytically inadequate—in a word, unreasoned—we cannot uphold his decision. *J.C. Penney Co. v. NLRB*, 123 F.3d 988, 996 (7th Cir. 1997); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *Amax Coal Co. v. Franklin*, 957 F.2d 355, 358–59 (7th Cir.1992). In finding that Groves's condition did not fit Listing 1.05C, the administrative law judge relied entirely on the testimony of a Dr. Henke, whom the Social Security Administration had hired to review Groves's medical records.

Dr. Henke did not examine Groves, and is not a neurologist or orthopedist. These are not disqualifications, 20 C.F.R. § 416.927(d); *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996), but they underscore the importance to a rational decision of taking account of the other medical evidence in the record, especially the evidence given by a specialist in the relevant disease who actually examined the applicant. See 20 C.F.R. §§ 416.927(d)(1), (5); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996); *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir.1998). That is Dr. Cragg, and the administrative law judge did mention his report but only in connection with Cragg's description of Groves's functional capacity, and thus after the administrative law judge had decided that Groves's condition did not meet the criteria of Listing 1.05C and so had moved on to consider (and ultimately reject) an alternative ground for finding her disabled. Dr. Cragg had implied in one of his reports that Groves's condition met the criteria of Listing 1.05C by saying that "Mrs. Groves suffers from cervical and lumbar degenerative disc disease.... [I]t would appear to me that her lumbar spine disease falls under the category of 1.05C, which is vertebral disorders, including lumbar degenerative disc disease. Her cervical symptoms would also fall in the same category." The administrative law judge did not mention this evaluation, even though it was one that Dr. Cragg, a neurologist who had treated Groves for years, was entirely competent to offer. Nor did the administrative law judge mention any of the medical reports that were dated prior to Grove's current application. Maybe he labored under the same misapprehension as the district judge regarding the admissibility of those reports. No matter; the failure so much as to mention the competent medical evidence that went contrary to Dr. Henke's opinion made the administrative law judge's explanation for his decision to deny benefits unacceptable. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir.1994); *Zblewski v. Schweiker*, 732 F.2d 75, 78–79 (7th Cir.1984); *Jones v. Chater*, 65 F.3d 102, 103 (8th Cir.1995); *Prince v. Bowen*, 894 F.2d 283, 285–86 (8th Cir.1990).

It will be recalled, moreover, that Listing 1.05C requires pain. The administrative law judge incorrectly stated in his opinion that Groves takes no pain medicine (the list of pain medicine that she has taken is as long as her right arm). This may have led him to question Cragg's evaluation and give Henke's report more credit than it deserved.

The decision of the district court is reversed and the case remanded to the Social Security Administration for further proceedings consistent with this opinion.

REVERSED AND REMANDED.