**Henry GREEN, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 99–1878.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 2000.

Decided Feb. 22, 2000.

David N. Kornfeld (argued), Evanston, IL, for Plaintiff–Appellant.

Cathleen Martick, Office of the U.S. Attorney, Marc Mates (argued), Social Security Admin., Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.

POSNER, Chief Judge.

This is an appeal from a district court decision refusing to set aside the denial by the Social Security Administration of disability benefits sought by Henry Green. Mr. Green, 51 years old at the time of his hearing before an administrative law judge, is a functionally illiterate former factory worker who claims to have become totally disabled in 1993; it is conceded that Green must have become totally disabled by the end of that year in order to qualify for the benefits that he is seeking.

Green has long suffered from emphysema, and in 1993 underwent a major operation on his lungs to remove large emphysematous bullae (growths) in them. He claims to be so short of breath that he cannot walk more than a block without panting and to suffer from severe chest pain resulting from the 1993 operation. He claims that his right leg swells up occasionally to the point where he has to walk with crutches, that he has difficulty lifting things, and that he basically just lies around the house. He also has arthritis.

The administrative law judge, seconded by the Appeals Council, held that Green is not disabled from doing "medium work," which requires frequently lifting 25 pounds and occasionally 50 pounds. The adminis-trative law judge refused to believe Green's "complaints of debilitating pain and limitations" because they were "disproportionate to the objective medical findings in the record." No medical expert testified, although the procedure for adjudicating social security disability claims departs from the adversary model to the extent of requiring the administrative law judge to summon a medical expert if that is necessary to provide an informed basis for determining whether the claimant is disabled. See, e.g., 20 C.F.R. § 416.927(a)(3); *Manso–Pizarro v. Secretary of Health & Human Services*, 76 F.3d 15, 17, 19 (1st Cir.1996) (per curiam); *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir.1995); *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir.1994); *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir.1988); cf. *Pugh v. Bowen*, 870 F.2d 1271, 1278 n. 9 (7th Cir.1989). Instead of doing that the administrative law judge played doctor, *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir.1990); see also *Easter v. Bowen*, 867 F.2d 1128, 1131 (8th Cir.1989), focusing on chest pain and shortness of breath and with regard to the former relying, in his words, on "clinic records [that] show reasonably good pain control through the use of medications such as Tylenol ES [extra strength] and Motrin," and on the lack of any "clinical evidence of angina or arthritic problems which would account for the pain." With regard to shortness of breath the administrative law judge relied on the fact that Green's "pulmonary function studies and arterial blood gas studies were essentially normal by November, 1993."

The administrative law judge's analysis of the evidence does not provide a rational basis for the denial of benefits. He failed to build a bridge from the evidence to his conclusion. *Hickman v. Apfel*, 187 F.3d 683, 689 (7th Cir.1999); *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir.1998); *Schaudeck v. Commissioner of Social Security Administration*, 181 F.3d 429, 433 (3d Cir.

1999). One of the grounds he gave for not crediting Green's testimony about severe chest pain is a non sequitur: that Green does not have angina or arthritic problems serious enough to account for the pain. There are, of course, other causes of severe pain. One of them is the kind of chest operation that Green underwent in 1993. Of this there can be no question, because Green has been in and out of pain clinics ever since the operation and has twice undergone intercostal nerve blocks, which are surgical procedures for alleviating pain by killing the nerves that transmit the sensation that triggers a pain reaction in the brain. He was taken off Tylenol with codeine, a powerful painkiller, because codeine is addictive; he has been offered a third intercostal nerve block, but has declined, which may show nothing more than that, the first two not having succeeded, a third surgical procedure is an unappealing prospect. He may prefer to live with pain than to undergo further surgery uncertain to succeed. That he has not been prescribed heavier painkillers than extra-strength Tylenol and Motrin (ibuprofen) cannot be thought compelling evidence of lack of severity of pain, since heavy painkillers often have serious side effects, or are addictive, or both. And what is one to make of "reasonably" good pain control? It sounds hopeful, or euphemistic. We do not say that Green has disabling pain in fact; he may despite his lack of education and intellectual sophistication be a skillful dissembler; but we do not see how on this record the administrative law judge could have rejected the claim of disabling pain without having a physician examine Green, or at least examine his clinical records.

We have similar though less acute misgivings about the handling of the issue of shortness of breath. A person who cannot walk a block without panting cannot engage in medium work. See Soc. Sec. Ruling 83–10, 1983 WL 31251; *Allen v. Sullivan*, 977 F.2d 385, 388–90 (7th Cir.1992); *Rousey v. Heckler*, 771 F.2d 1065, 1068, 1070 (7th Cir.1985); *Stewart v. Secretary of Health & Human Services*, 957 F.2d 581 (8th Cir.1992). Maybe Green and his wife are lying when they say he cannot (and could not in 1993) walk further without losing his breath, but the fact that his pulmonary function and arterial gas studies were normal at the relevant times is not conclusive, given medical evidence not discussed by the administrative law judge of Green's shortness of breath around the time of the studies in question, as well as the administrative law judge's failure to explain what he meant in saying that the test results were "essentially" normal or to discuss the incidence of false positives in such tests. Considering that Green had emphysema serious enough to require surgery, that the operation did not even remove all the bullae, and that his pain and his arthritis may be debilitating, we think the administrative law judge should have had a medical expert examine the question of shortness of breath as well.

And finally he was required but failed to consider the *aggregate* effect of Green's ailments. 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523, 416.923; *Peterson v. Chater*, 96 F.3d 1015, 1017 (7th Cir.1996); *Johnson v. Sullivan*, 922 F.2d 346 (7th Cir.1990) (en banc); *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir.1996). Even if the shortness of breath and the chest pain were not in themselves enough to disable Green from doing medium work, the combination of these conditions together with his arthritis and swollen leg may have been.

A further question for the remand is, assuming the administrative law judge decides, as he may, that Green is disabled from doing medium work, whether Green is able despite his ailments to do light work.

The judgment of the district court is vacated and the matter is remanded to the Social Security Administration for further proceedings consistent with this opinion.

VACATED AND REMANDED.