[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 00-1142

WILMA BRUNEL,

Plaintiff, Appellant,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

---

Before

Torruella, Chief Judge,

Stahl and Lynch, Circuit Judges.

---

Peter Marsh on brief for appellant.
Paul M. Gagnon, United States Attorney and David L. Broderick, Assistant U.S. Attorney, on brief for appellee.

---

December 11, 2000

---

**Per Curiam**. After securing a remand under sentence four of 42 U.S.C. § 405(g), claimant Wilma Brunel filed an application for attorneys fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Because the district court judge who ordered the remand had passed away by the time claimant's EAJA application became ripe for adjudication, the application was assigned to a new judge, who denied it. Claimant appeals this ruling.

We review the denial of the claimant's EAJA application only for an abuse of discretion, although pure questions of law are reviewed de novo, and findings of fact are reviewed for clear error. See Pierce v. Underwood, 487 U.S. 552, 557-63 (1988); Paris v. H.U.D., 988 F.2d 236, 238 (1st Cir. 1993); De Allende v. Baker, 891 F.2d 7, 11 (1st Cir. 1989). Although we deem it a very close question, we conclude that the district court abused its discretion because, on this record, the Commissioner's exclusive reliance on the Grid and subsequent defense of that reliance were not substantially justified. Accordingly, we reverse and remand for the calculation of an appropriate award of attorney's fees, for the following reasons.

An abuse of discretion occurs when, "a material factor deserving significant weight was ignored, an improper factor was relied upon, or all proper and no improper factors were assessed, but the district court made a serious mistake in weighing them.  See Casa Maria Hogar Geriatrico, Inc. v. Rivera-Santis, 38 F.2d 615, 618 (1st Cir. 1994).  It is true that the RFC assessment upon which the ALJ relied indicated that claimant could sit for two hours continuously and for a total of six hours per day.  This alone might suggest that claimant could perform the full range of sedentary work, thereby obviating any need for vocational evidence.  But the district court overlooked the fact that the bottom half of the very same assessment indicated that claimant needs to take 15-minute breaks to elevate her legs from 4-5 times on a good day to 8 or more times on a bad day.  This limitation implies that claimant is not capable of the full range of sedentary work, for a significant amount of her sitting time must be spent with her legs elevated.[1]  The ALJ's failure to explain why he discredited this evidence was a serious error.

---

[1]By "significant" we mean more than can be accommodated by the three morning, lunch, and afternoon work breaks identified in SSR 96-9p.

Abundant case law, including two district court cases within this circuit, advises ALJs to take vocational evidence when faced with claimants with unusual needs to alternate sitting and standing. See, e.g. Peterson v. Chater, 96 F.3d 1015, 1016 (7th Cir. 1996); Jesurum v. Secretary D.H.H.S., 48 F.3d 114, 119-20 (3d Cir. 1995); Scott v. Shalala, 30 F.3d 33, 34-35 (5th Cir. 1994); Ragland v. Shalala, 992 F.2d 1056, 1059 n. 45 (10th Cir. 1993); Gallant v. Heckler, 753 F.2d 1450, 1457 (9th Cir. 1984); Wages v. Secretary of Health and Human Services, 755 F.2d 495, 498-99 (6th Cir. 1985); Lawler v. Heckler, 761 F.2d 195, 197-98 (5th Cir. 1985); Gibson v. Heckler, 762 F.2d 1516, 1521 (11th Cir. 1985); Adie v. Commissioner, 941 F. Supp. 261, 270 n. 9 (D.N.H. 1996); Curtis v. Shalala, 808 F. Supp. 917 (D.N.H. 1992). Cf. Nguyen v. Chater, 172 F.3d 31, 36 (1st Cir. 1999)(cautioning that an inability to remain seated may erode the sedentary base). In light of significant amount of countervailing authority, if the ALJ deemed claimant's case one that justified swimming against this tide, he should have made his reasons for doing so explicit.

The ALJ's error was particularly egregious because he cited the claimant's treating doctor's RFC evaluation in

-4-

support of his own RFC findings, while ignoring, without any explanation, that part of the doctor's evaluation which indicated that claimant's capacity for sedentary work was significantly compromised. The ALJ thus plainly violated the Commissioner's own regulations and rulings. See 20 C.F.R. §404.1527(d)("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."). We cannot deem such disregard for the Commissioner's own guidelines substantially justified. See, e.g., Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996)(suggesting that it is an abuse of discretion to find an agency's position substantially justified when the agency violates its own regulations); Flores v. Shalala 49 F.3d 562, 570-71 (9th Cir. 1995)(holding ALJ's failure to consider a VE's report regarding a claimant's mathematical abilities without any explanation unreasonable enough to justify an award of

attorneys' fees); Cornella v. Schweiker, 728 F.2d 978, 985 (8th Cir. 1984)("It was not reasonable for the Secretary to ignore her own regulations.").

We further note that the ALJ's decision was ambiguous on its face. It was not clear whether his finding that the claimant "should be able to alternate sitting and standing within these time frames as necessary" meant that claimant should be able to alternate positions within the two hours of sitting that the ALJ found her capable of, or only after she had sat for two hours. The ambiguity becomes even more apparent when one reads the RFC assessment of Dr. Ness that the ALJ cited. The ALJ issued his decision on the heels of SSR 96-2p (requiring ALJs to specify reasons for the weight they accord treating physicians' opinions) and SSR 96-9p (directing ALJs to specify the frequency of a claimant's need to alternate sitting and standing with respect to the three morning, lunch, and afternoon breaks generally permitted by sedentary work). Yet the ALJ did not cite either ruling, although they both took effect on the day of claimant's administrative hearing. The Appeals Council was plainly in a position to require the ALJ to clarify his decision. Its failure to do so was not substantially justified. See Peterson v. Chater, 96 F.3d

-6-

F.3d at 1016 (criticizing Appeals Council for failing to spot conflict between findings that claimant was incapable of prolonged sitting and standing and finding that claimant had RFC for sedentary work); Cummings v. Sullivan, 950 F.2d 492, 497 (7th Cir. 1991)(Appeals Council's decision is part of agency's prelitigation conduct that must be examined in determining whether the Commissioner's position is substantially justified).

In view of the foregoing, we reverse the order denying claimant's EAJA application and remand for the district court to calculate an appropriate award of attorney's fees. The district court should consider whether the time claimant's counsel spent litigating the issue of whether claimant's environmental sensitivities further eroded her capacity for sedentary work should be excluded from the fee award. See Hensley v. Eckerhart, 461 U.S. 424, 435-436 (1983).

So ordered. See Local Rule 27(c).