# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3155

_____

| | | |
|---|---|---|
| Leah Cook, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Jo Anne B. Barnhart, Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 4, 2004
Filed: June 28, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Leah Cook appeals the district court's[1] order affirming the denial of supplemental security income and widow's insurance benefits. Having carefully reviewed the record, see Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (standard of review), we affirm.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

In her November 1993 applications and related documents, Cook alleged disability since November 1984 from kidney and respiratory problems, depression, headaches, dizziness, and pain in her lower extremities, chest, hips, and abdomen. Hearings were held in 1995, 1998, and 1999, and after the final hearing, an administrative law judge (ALJ) determined that Cook had severe non-insulin-dependent diabetes, degenerative joint disease, reactive airway disease, gastroesophageal reflux disease, irritable bowel syndrome, and obesity, but her impairments, alone or combined, were not of listing-level severity. The ALJ further determined that Cook could not perform her past relevant work and she had no transferrable skills, but her recent education provided direct entry into certain skilled jobs a vocational expert had identified in response to a hypothetical the ALJ had posed.

Cook claims that the ALJ did not consider her impairments in combination, or discuss certain of her diagnoses. We disagree. Before reaching his conclusions, the ALJ summarized the medical evidence, including evidence regarding most of the conditions Cook claims he ignored; and as to the diagnoses Cook specifically references, she sought little treatment for some of them and others were controlled or only suspected. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (ALJ is not required to discuss all evidence, and failure to cite specific evidence does not mean it was not considered); Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (conclusory statement that ALJ did not consider combined effects of impairments was unfounded where ALJ noted each impairment and found that impairments, alone or combined, were not of listing-level severity).

Cook contends the hypothetical should have included references to fibromyalgia, severe headaches, and emotional limitations. We also reject this argument. The ALJ properly excluded restrictions related to fibromyalgia and headaches, as a rheumatologist merely suspected fibromyalgia and Cook only periodically sought care for headaches. The ALJ also properly excluded emotional

limitations from the hypothetical, because Cook sought no mental health treatment, a consulting psychologist diagnosed only a pain disorder (from psychological factors and a general medical condition) and a dependent-personality disorder, and the consultant's examination and testing revealed no significant mental limitations. Thus, the hypothetical--which, contrary to Cook's assertion on appeal, described a claimant who was capable of less than a full range of sedentary work--adequately covered Cook's restrictions. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001) (hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ).

Cook's remaining arguments, one of which is presented for the first time on appeal, see Misner v. Chater, 79 F.3d 745, 746 (8th Cir. 1996) (arguments raised for first time on appeal will not be considered unless manifest injustice would otherwise result), provide no basis for reversal. Accordingly, we affirm the judgment of the district court.

_____