**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 14, 2005
Decided May 31, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-2517

| | |
|---|---|
| TRACI WILKENING,<br>　　　*Plaintiff-Appellant,*<br><br>　　v.<br><br>JO ANNE B. BARNHART,<br>　　　*Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 02 C 9096<br><br>**Martin C. Ashman**,<br>*Magistrate Judge.* |

O R D E R

The Social Security Administration ("the Agency") informed Traci Wilkening that the Agency had overpaid her disability benefits. Ms. Wilkening pursued an administrative appeal, and an administrative law judge ("ALJ") denied Ms. Wilkening's request for a waiver of recovery of her overpayment. Ms. Wilkening then sought judicial review in the district court. *See* 42 U.S.C. § 405(g). The court concluded that the ALJ's decision was supported by substantial evidence, and granted the Agency's motion for summary judgment. Ms. Wilkening now appeals to this court.

# I

## BACKGROUND

### A. Facts

Ms. Wilkening was diagnosed with bipolar disorder in 1990 and became eligible for Social Security disability benefits in October of that year.  Generally, a person is not entitled to disability benefits if she works in substantial gainful employment.  *See* 42 U.S.C. § 423(e).  However, the "trial work period" provides a time during which Social Security beneficiaries may try out their ability to work by working in substantial gainful employment while still receiving their benefits.  *See* 42 U.S.C. § 422(c).  The trial work period ends after the ninth month in which the beneficiary has been working; the nine months in which work is done do not have to be consecutive.  *See id.*  The "extended period of eligibility" (also called the "reentitlement period") is an additional three years-- *after* the trial work period--in which the beneficiary may work without having her benefits terminated completely.  *See* 42 U.S.C. § 423(e); 20 C.F.R. § 404.1592a.  During the extended period of eligibility, the beneficiary is not entitled to benefits during the months in which she works, but she is entitled to benefits in months in which she does not work (without having to file a new application).  *See* 20 C.F.R. § 404.1592a.  After the extended period of eligibility, the beneficiary's disability payments are terminated completely if she works at any time.  *See id.*

 Ms. Wilkening's trial work period began in November 1990 and ended in April 1992.  She began working in substantial gainful employment, as defined at 20 C.F.R. § 404.1574(b)(2), during certain months after she became eligible for benefits.  Her extended period of eligibility ended in October 1995.  She continued to receive payments, however, after her extended period of eligibility and did not inform the Agency of her receipt of these benefits or of her employment at that time.  The Agency twice has charged Ms. Wilkening with overpayment of disability benefits (only the second overpayment is at issue in this appeal).

In December 1995, the Agency notified Ms. Wilkening that she and her minor daughter had been overpaid benefits.  In February 1996, May 1996 and March 1997, Ms. Wilkening filed requests for waiver of overpayment recovery.

Ms. Wilkening received a medical review from state examiners in July 1996.  The examining doctor concluded that Ms. Wilkening still suffered from a listed disability and the Agency sent her a letter informing her that she still met the disability criteria and that her status as a Social Security beneficiary was unchanged.  The same letter stated that she must report any changes in her employment status and informed her that her trial work period had ended.

Ms. Wilkening's waiver requests were denied on September 20, 1997. The Agency denied her request for waiver because she had not timely notified the Agency of her employment. In November 1997, Ms. Wilkening met personally with a claims representative from the Agency who again refused waiver of overpayment. Ms. Wilkening requested a hearing but the request was dismissed in January 1999 when she repeatedly failed to appear.

Ms. Wilkening was paid benefits until March 1999. Eventually, she received a second notice[1] of overpayment in July 1999 (the record appears to be silent, as the court recognized, as to the form this notice took). She requested waiver or reconsideration and, when those requests were denied, she sought a hearing before an ALJ.

## B.  Proceedings Before the ALJ

Ms. Wilkening testified that she has a GED and that she attended a year of college but did not finish the year. She testified that she did not always take the medication prescribed for her condition. She asserted that she had been unsure whether her earnings would affect her eligibility for Social Security benefits and claimed that she did not know about trial work periods and that she did not recall her past overpayments and past request for waivers.

The ALJ concluded that Ms. Wilkening had returned to work and had continued to receive benefits even after the conclusion of her trial work period and her extended period of eligibility. Therefore, the ALJ determined that she was overpaid by $29,280.10. The ALJ's determination of the amount of overpayment was based on exhibits provided by the Agency and on the fact that, at the hearing, Ms. Wilkening's counsel stipulated to the amount of the overpayment. A.R. at 23; *see also* R.22 at 5 (opinion of district court) ("Plaintiff's representations at the hearing entitled the ALJ to rely exclusively on the waiver determination . . . . Plaintiff did not contest the issue of overpayment before the ALJ; specifically, she did not attack the credibility or accuracy of [the Agency's documents]. In fact, Plaintiff, through her counsel, agreed with the figure stated in the waiver determination . . . .").

The ALJ also concluded that Ms. Wilkening was not without fault in the overpayment. The ALJ determined that Ms. Wilkening's testimony that she had been unaware that she was receiving benefits to which she was not entitled was not credible. The credibility determination rested on the ALJ's finding that she had been informed in the past that her earnings would affect her eligibility. The ALJ also

---

[1] From the ALJ's decision, *see* A.R. at 11-12, it appears that the second charge did not apply to the children because the Agency waived recovery of those payments.

found that Ms. Wilkening had the "mental capacity" to comprehend her situation, in light of her having completed some college. The ALJ also observed, "[E]ven assuming her . . . apparent occasional relapses into substance and alcohol abuse . . . interfered with her cognitive functioning, her testimony was that, at times, she felt better and stopped taking medication." A.R. at 14.

Ultimately, the ALJ concluded that the recovery of the overpayment could not be waived. The Appeals Council of the Agency concluded that there was no basis to grant Ms. Wilkening's request for review, and, therefore, the ALJ's decision stood as the final decision of the Commissioner of Social Security ("the Commissioner").

## C. District Court Proceedings

Ms. Wilkening sought judicial review of the refusal to waive overpayment recovery.[2] The district court first addressed Ms. Wilkening's challenge to the existence and amount of the overpaid benefits. It indicated that the burden of proving the existence and amount of an overpayment should rest with the Agency. The court noted that, although the record contained references to the amount of the overpayment, the ALJ's decision did not make reference to the issue of overpayment, did not explain how he reached the $29,280.10 figure and did not make reference to any notice to Ms. Wilkening. The court also noted, however, that Ms. Wilkening's representations at the hearing entitled the ALJ to rely on the waiver determination that had been tendered to Ms. Wilkening's counsel. The court found that Ms. Wilkening had agreed, through her counsel, to the figure stated in the waiver determination. Therefore, the court concluded that the ALJ properly had relied on the waiver determination supplied by the Agency and that his finding as to the existence and amount of overpayment had substantial support in the record.

The court next addressed Ms. Wilkening's contention that she was entitled to waiver of the recovery of overpaid benefits because she was not at fault. The court concluded that the ALJ's determination of Ms. Wilkening's credibility was supported by substantial evidence in the record. Thus, the district court affirmed the final decision of the Commissioner.

## II

## DISCUSSION

---

[2] The parties consented to have a magistrate judge sit as the district court.

We review the determination of the ALJ without giving any deference to the district court. *See Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998). We shall affirm the ALJ if the ALJ's decision is supported by substantial evidence. *See Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). In reviewing the ALJ, this court is not entitled to "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

The Agency must seek a refund from a person to whom it has mistakenly made an overpayment of disability benefits. *See* 42 U.S.C. § 404(a). Ms. Wilkening contends that the ALJ's determination of the existence and amount of the overpayment was not supported by substantial evidence. She also contends that she was not given appropriate notice of the overpayment.

Much of Ms. Wilkening's argument on the issue of the overpayment goes to claiming that the district court should not have found that she waived her objection to the existence and amount of overpayment. Ms. Wilkening appears to believe that the district court declined to consider, on the ground that Ms. Wilkening had never raised the issue in administrative proceedings, her argument that substantial evidence did not support the ALJ's finding of the existence and amount of overpayment. *See* Appellant's Br. at 12 ("However, the Court rejected plaintiff's arguments on this head on the ground that the issue was not raised administratively."). This contention clearly is wrong. The district court noted that "a reviewing court will not decide issues that were not raised administratively." R.22 at 10. However, on the next page of the court's memorandum opinion, it concluded that the Agency's argument that Ms. Wilkening had waived review of the existence and amount of any overpayment was in error, because she had raised the issue by filing a request for reconsideration of the amount of overpayment prior to the hearing. In fact, the district court plainly stated that "the issue of whether Plaintiff received overpayments, and how much, was in front of the ALJ, who made an explicit finding on these issues. Thus this Court has the obligation to review both issues." R.22 at 11.

We must conclude that the ALJ's findings that an overpayment existed and that it totaled $29,280.10 were supported by substantial evidence in the record. The ALJ was entitled to rely on the stipulation by Ms. Wilkening's counsel to the amount of the overpayment. We also conclude that the notice provided to Ms. Wilkening was adequate in this case. She received a letter in February 1998 that stated that she was not entitled to payments for the period extending from October 1993 through December 1994 and for the period including October 1995 and later. *See* A.R. at 117-19. Agency records also show that, around July 1999, Ms. Wilkening was sent notice of the overpayment amount of $29,280.10. *See* A.R. at 177.

When the Agency mistakenly has made an overpayment of disability benefits, the Agency may not recover an overpayment from the recipient when: (1) the recipient is without fault and (2) "recovery would defeat the purpose of [the Social Security Act] or would be against equity and good conscience." 42 U.S.C. 404(b). According to the regulations governing the implementation of this statutory provision, "[a]lthough the [Agency] may have been at fault in making the overpayment, that fact does not relieve the overpaid individual or any other individual from whom the Administration seeks to recover the overpayment from liability for repayment if such individual is not without fault." 20 C.F.R. § 404.507.

A finding of fault can be based on any of the following:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
(b) Failure to furnish information which he knew or should have known to be material; or
(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

*Id.*

In determining whether a person is without fault in causing the overpayment of benefits, the ALJ must "specifically take into account any physical, mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language)." 42 U.S.C. 404(b); *see also* 20 C.F.R. § 404.507 (same).

Ms. Wilkening contends that the ALJ erred in determining that she had not testified credibly that she did not know that working would render her ineligible for benefits. *But see Clifford*, 227 F.3d at 869 ("[W]e . . . do not . . . decide questions of credibility, or substitute our own judgment for that of the Commissioner."). She submits that the ALJ should have considered not only whether she had received notification in the past regarding the effect that employment would have on her benefits, but also whether she comprehended that information. *See* 42 U.S.C. § 404(b) (requiring ALJ considering an individual's fault "specifically [to] take into account any physical, mental, educational, or linguistic limitation such individual may have"). She claims that, because she suffered from a severe bipolar disorder, she could have been confused by the information with which she was provided. She also contends that she was without fault and, thus, that the ALJ should have considered

whether she was entitled to a waiver of the recovery of overpayment.[3]

The Agency submits that the ALJ appropriately concluded that Ms. Wilkening was not without fault for the purpose of a waiver of recovery because she accepted benefits that she either knew or should have known were incorrect. *See* 20 C.F.R. § 404.507. Specifically, the Agency contends that it was reasonable for the ALJ to conclude that Ms. Wilkening's receipt of the first overpayment charge informed her that working would render her ineligible for benefits. Furthermore, the Agency submits that the ALJ appropriately considered whether Ms. Wilkening's bipolar disorder affected her fault for the overpayment. It correctly points out that the ALJ weighed several facts about Ms. Wilkening, including the fact that she completed one year of college after being diagnosed with bipolar disorder and the fact that her condition did not require continuous use of medication.

We must conclude that the ALJ's determination that Ms. Wilkening was not without fault is supported by substantial evidence in the record. Furthermore, we conclude that the ALJ gave the proper consideration to the factors listed in 42 U.S.C. 404(b) and 20 C.F.R. § 404.507. Substantial evidence supports the ALJ's conclusion that Ms. Wilkening's bipolar disorder did not render her without fault in the overpayment of benefits. Because substantial evidence supports the ALJ's determination that Ms. Wilkening was not without fault, there was no occasion for the ALJ to consider whether or not recovery would defeat the purposes of the Social Security Act or would be against equity and good conscience. *See Heins v. Shalala*, 22 F.3d 157, 163 n.2 (7th Cir. 1994).

## Conclusion

For the reasons set forth in this order, the judgment of the district court is affirmed.

AFFIRMED

---

[3] Ms. Wilkening contends that the ALJ's determination that she was not without fault was affected improperly by his conclusion that she had suffered "occasional relapses into substance and alcohol abuse." A.R. at 14. However, as the Agency points out, the ALJ's discussion of the alleged substance abuse problems, read in context, shows that proven substance abuse would have inclined him *towards* finding Ms. Wilkening was without fault. Therefore, she was not prejudiced by his consideration of alleged substance abuse problems.