# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2189

_____

James C. Davis,                                           *
                                                         *
        Appellant,                              *
                                                         * Appeal from the United States
    v.                                          * District Court for the
                                                         * District of Nebraska.
Jo Anne B. Barnhart, Commissioner                        *
of Social Security,                                      * [UNPUBLISHED]
                                                         *
        Appellee.                               *

_____

Submitted: April 5, 2006
Filed: April 10, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

James C. Davis appeals the district court's[1] order affirming the denial of supplemental security income. Davis alleged disability since March 2002 from, inter alia, heart problems and arthritis-related pain. After a hearing, an administrative law judge (ALJ) found that Davis's discogenic and degenerative back problems, history of arthritis, and alcoholism imposed more than slight limitations upon his ability to function, but his impairments alone or combined were not of listing-level severity; that

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

his testimony was not entirely credible; and that, while his residual functional capacity (RFC) precluded his past relevant work, he could perform jobs identified by a vocational expert (VE) in response to a hypothetical. Having carefully reviewed the record, we find that substantial evidence supports the ALJ's decision. See Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005) (standard of review).

First, we reject Davis's challenge to the ALJ's credibility findings, because the ALJ gave multiple valid reasons for finding Davis's subjective complaints not entirely credible. See Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006) (deference to ALJ's credibility findings is warranted so long as they are supported by good reasons and substantial evidence). Second, as to the hypothetical and the RFC determination upon which it was based, the ALJ properly considered the medical records, observations of treating physicians and others, and Davis's own description of his limitations, see Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (RFC determination), and we find substantial evidence supports the ALJ's determination; and the hypothetical was sufficient because it included only those limitations the ALJ found credible, see Randolph v. Barnhart, 386 F.3d 835, 841 n.9 (8th Cir. 2004). Davis also raises some issues for the first time on appeal, but we decline to entertain them. See Misner v. Chater, 79 F.3d 745, 746 (8th Cir. 1996) (argument raised for first time on appeal need not be considered unless claimant can show manifest injustice would otherwise result).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____