# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3759

_____

Gregory L. Walton,      *
           *
       Appellant,     *
           *     Appeal from the United States
   v.               *     District Court for the
           *     Western District of Arkansas.
Michael J. Astrue, Commissioner,     *
Social Security Administration,     *     [UNPUBLISHED]
           *
       Appellee.     *

_____

Submitted: September 22, 2009
Filed: October 13, 2009

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Gregory L. Walton appeals the district court's[1] order affirming the denial of Walton's applications for disability insurance benefits and supplemental security income. Walton claimed disability with an onset date of April 1, 2005, due to back pain/injuries. An administrative law judge (ALJ) determined Walton could still

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the Report and Recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

perform work that exists in significant numbers in the national economy based upon a vocational expert's (VE's) response to a hypothetical question which took into account Walton's restrictions and limitations, including his complete inability to stoop.

In the district court, Walton generally argued the ALJ's decision was not supported by substantial evidence, and specifically argued the ALJ's decision should be reversed because Social Security Regulation 96-9p states a "complete inability to stoop . . . would *usually* [require] a finding that the individual is disabled." (Emphasis added). Walton did not renew those two arguments on appeal, and they are therefore deemed waived. See Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008). In addition, we need not address the two new arguments[2] Walton raises on appeal because they were not raised in the district court. See Misner v. Chater, 79 F.3d 745, 746 (8th Cir. 1996).

We therefore affirm the district court.

———————————————————

[2]On appeal, Walton contends (1) the VE's opinions were inconsistent with the Dictionary of Occupational Titles (DOT) and therefore required the ALJ to conduct a supplemental hearing or submit additional interrogatories to the VE to clarify or explain the conflict, and (2) the ALJ did not afford proper weight to the opinions of a treating physician. Even were we to address these arguments, we would affirm because (1) the record shows the VE clarified the conflicts between her testimony and the DOT, and (2) the record supports the ALJ's declination to give the treating physician's opinions controlling weight. See Pirtle v. Astrue, 479 F.3d 931, 933 (8th Cir. 2007) (indicating a treating physician's opinion need not be given controlling weight when there are inconsistencies between the physician's notes and his or her residual functional capacity assessment); see also Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991) ("When the treating physician's opinion consists of nothing more than conclusory statements, the opinion is not entitled to greater weight than any other physician's opinion.").