**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016*
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2712

| | |
|---|---|
| CELIA A. JARVIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:14-cv-1917-WTL-DML |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | William T. Lawrence, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Celia Jarvis appeals the dismissal, for lack of subject-matter jurisdiction, of her suit under 42 U.S.C. § 405(g) seeking judicial review of the Social Security Administration's decision denying her application for disability insurance benefits. We affirm.

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In August 2013, Jarvis filed the first of her two complaints under § 405(g), challenging the denial of disability insurance benefits. A magistrate judge, proceeding with the parties' consent, concluded that substantial evidence supported the administrative law judge's decision, and affirmed. *See Jarvis v. Colvin*, No. 1:13-cv-1373-DKL-RLY, 2014 WL 4908081 (S.D. Ind. Sept. 30, 2014). Jarvis neither appealed this decision nor filed any post-judgment motion.

In November 2014, she filed a new complaint, stating that her "previously filed application(s)" for benefits had been denied and that she sought review of an unspecified "final decision of the defendant Secretary of Health and Human Services." She added that her medical condition had worsened, that she was never seen by any agency physicians, and thus was having difficulty handling this case while proceeding pro se. The Commissioner moved to dismiss the complaint on jurisdictional grounds because Jarvis had not filed any new application for benefits, and, therefore, there was no new agency decision for the court to review under § 405(g). In the alternative, the Commissioner argued that, if Jarvis were seeking a second review of the previous denial of benefits, then that claim would be barred by res judicata. Judge Lawrence, who had been assigned this newly filed complaint, accepted the Commissioner's principal argument and dismissed the complaint for lack of subject-matter jurisdiction. If she intended to seek relief from the court's prior judgment, the court informed Jarvis, she needed to file a motion in that case under Federal Rule of Civil Procedure 60(b).

On appeal Jarvis generally challenges the court's dismissal of her complaint. But the district court properly dismissed the complaint for lack of subject-matter jurisdiction because there is no final decision of the Commissioner to be reviewed. *See* 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). After the district court's decision in September 2014 upholding the denial of benefits, there has been no new hearing or new decision of the Commissioner, and Jarvis has not filed any new application for benefits. To the extent she seeks reconsideration of the district court's 2014 decision, she could have filed a motion under Federal Rule of Civil Procedure 59(e) or 60(b). And if she wanted to appeal that decision, she should have filed a timely appeal. And in any event, as the Commissioner points out, res judicata bars Jarvis's attempt to obtain a second review of the merits of the underlying agency decision. *See Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998).

AFFIRMED.