NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2017[*]
Decided February 13, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2006

| | |
|---|---|
| SHIRLEY THOMAS, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 14 cv 7900 |
| NANCY A. BERRYHILL, | |
| Acting Commissioner of Social Security, | Susan E. Cox, |
|     *Defendant-Appellee*. | *Magistrate Judge*. |

**O R D E R**

Shirley Thomas applied in 2009 for disability benefits, alleging that lung problems have rendered her disabled since 1990. An administrative law judge denied the claim, and the district court upheld that decision, *see* 42 U.S.C. § 405(g). Thomas has waived arguments on appeal because she does not develop any challenge to the ALJ's or the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C). Also pursuant to FED. R. APP. P. 43(c)(2), we have substituted Nancy A. Berryhill as the named defendant-appellee.

district court's reasoning. *See* FED. R. APP. P. 28(a)(8); *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009). Although not necessary because of this waiver, we have reviewed the ALJ's decision, and, finding no error, we affirm.

Thomas's application in 2009 was her third; she also applied for disability benefits in 2002 and 2005. Both times she asserted that she had a lung disease that materialized in 1990, which was before her insured status lapsed in 1995. Thomas began to see Dr. Fred Daniels in 1990 for lung treatment. Dr. Daniels ruled out lung-tissue scarring, finding that her lung fields were clear and her pulmonary test levels normal. Dr. Daniels referred Thomas to two other doctors, who noted that Thomas's lungs were clear. At a clinic in 1993, doctors also wrote that her lungs had good air movement and were clear. Thomas went to the emergency room in 2000 for chest congestion, but a chest x-ray revealed that her lungs were clear, a conclusion reached during her next four visits to the emergency room. Another doctor evaluated her in 2002 and determined that Thomas's lungs sounded clear and produced no abnormal noises. Based on this record, ALJs denied her claims by 2009.

When Thomas filed her current claim for benefits in 2009, she repeated her claim that her respiratory issues had disabled her since 1990. She submitted the records from her earlier application and updated them with new medical records that resume in 2009. We divide her new application into two periods—before 2009 (when the last of her prior applications was decided) and after she applied the third time in 2009 (a period covered by the Supplemental Security Income Program).

An ALJ rejected Thomas's claims for both periods. For the pre-2009 period, the ALJ concluded that Thomas's claim was barred by res judicata.

For the post-2009 period, the ALJ ruled (after an interim remand from the appeals council) that Thomas did not qualify for benefits because she could perform a number of available jobs. The record consisted of the following: In a visit to the hospital in 2009, she was diagnosed with acute bronchitis and interstitial lung disease, but an x-ray revealed that her lung fields were clear. Another visit a year later for chest pain produced an x-ray and respiratory tests that revealed no lung problems. Pulmonary function tests in 2010 showed a normal spirometry (the amount of air inhaled and exhaled) and that her lung volumes were over 95% of what was expected. Hospital visits during 2011 revealed that her lungs consistently sounded clear. Doctors twice treated Thomas in 2012 for respiratory infections but observed that her lungs again sounded clear, her breath sounds were equal, and she had symmetrical chest wall expansion.

The ALJ correctly determined that res judicata bars Thomas's claim for the first period. Res judicata bars relitigation of already-decided administrative claims. *See Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998); 20 C.F.R. § 404.957(c)(1). Thus Thomas cannot show that she was disabled during the pre-2009 period. *See* 42 U.S.C. § 423(a)(1); *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012); *Martinez v. Astrue*, 630 F.3d 693, 699 (7th Cir. 2011); 20 C.F.R. §§ 404.131, 404.320(b)(2).

The ALJ also permissibly denied Supplemental Security Income benefits for the post-2009 period. We uphold the Commissioner's denial of benefits when it is supported by substantial evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016). And here the record contains ample evidence to support the denial. The Commissioner considered that Thomas's lungs sounded clear on repeated exams, including during two visits to the hospital in 2012. Images of Thomas's lungs also appeared normal. The record is devoid of any medical opinion suggesting that Thomas suffers from ongoing, debilitating limitations of her lungs.

AFFIRMED.