**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0057n.06

No. 12-1655

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KEVIN W. KEELER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**FILED**

*Jan 11, 2013*

DEBORAH S. HUNT, Clerk

BEFORE: COLE and GRIFFIN, Circuit Judges; GWIN, District Judge.[*]

PER CURIAM. Kevin W. Keeler appeals the district court's judgment affirming the denial of his applications for disability insurance benefits and supplemental security income benefits.

In 2006, Keeler filed applications for disability insurance benefits and supplemental security income benefits, alleging that he became disabled in March 2000. After the Social Security Administration denied the applications, Keeler requested a hearing. An administrative law judge (ALJ) conducted a hearing and denied Keeler relief. The Appeals Council declined to review the case. Keeler sought review in the district court. A magistrate judge recommended denying Keeler relief, and, over Keeler's objections, the district court adopted the recommendation and entered judgment in favor of the Commissioner of Social Security.

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

On appeal, Keeler makes the following arguments: (1) the ALJ erred by disregarding the opinion of his treating physician concerning his ability to lift or carry; (2) the ALJ erred by failing to conclude that he had marked limitations in mental functioning; and (3) the ALJ erred by relying on an erroneous assessment of his physical and mental limitations when determining whether there were a significant number of jobs that he could perform.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Keeler first argues that the ALJ erred by failing to give controlling weight to the opinion of his treating physician, Dr. Barbara Fretwell, who concluded that Keeler had no ability to lift or carry. An ALJ must give controlling weight to the medical opinion of a treating physician if it is well-supported and not inconsistent with other substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285-86 (6th Cir. 2009). An ALJ must give good reasons for not giving the opinion of a treating physician controlling weight. *Id.* Here, the ALJ explained that he gave Fretwell's opinion little weight because it conflicted with her finding that Keeler lifted with good body mechanics, it appeared to be based primarily on Keeler's subjective complaints, and it was contradicted by other evidence in the record demonstrating that Keeler was able to engage in significant physical activities, such as carrying heavy objects and doing physical work on his farm.

The ALJ adequately explained his decision to give little weight to Fretwell's opinion, and substantial evidence in the record supported the ALJ's decision to do so. *See id.*

Keeler next argues that the ALJ erred by failing to conclude that he had marked limitations in mental functioning based on both the conclusions of Dr. Steve Geiger and Dr. J. Keith Ostien, who concluded that Keeler's prognosis was poor, and that Keeler had global assessment functioning (GAF) scores of 50 and 52. In assessing Keeler's mental limitations, the ALJ considered the conclusions of Dr. Geiger and Dr. Ostien, applied the proper standard, *see* 20 C.F.R. § 404.1520a(c), and reasonably concluded that Keeler had only mild to moderate impairments based on the totality of the evidence presented. Keeler has not explained how his poor prognosis demonstrated that he had work-related functional limitations that were not considered by the ALJ. Further, the ALJ was not required to consider Keeler's GAF scores, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002), and, in any case, the scores were not sufficient to undermine the ALJ's analysis, *see DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006).

Finally, Keeler argues that the ALJ erred by relying on an erroneous assessment of his physical and mental limitations when determining whether there were a significant number of jobs that he could perform. Because Keeler has not shown that the ALJ's assessment of his limitations was erroneous, he cannot demonstrate that the ALJ's resulting conclusions were improper.

Accordingly, we affirm the district court's judgment.