NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0465n.06

No. 13-2512

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jun 27, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| L.C. RICHARDSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: GRIFFIN and DONALD, Circuit Judges; GRAHAM, District Judge.[*]

PER CURIAM. L.C. Richardson appeals the district court's judgment affirming the denial of his application for supplemental security income benefits.

In 2007, Richardson filed an application for supplemental security income benefits, alleging that he became disabled on June 1, 1993. After the Social Security Administration denied the application, Richardson requested a hearing before an administrative law judge (ALJ). The ALJ denied Richardson relief, and the Appeals Council declined to review the case. The district court affirmed the denial of Richardson's application.

On appeal, Richardson raises the following arguments: (1) the ALJ erred by giving controlling weight to the medical opinion of a reviewing psychologist; (2) the ALJ erred by discounting the medical opinions of an examining psychologist and case worker; and (3) the

---

[*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

ALJ's disability determination was not supported by the evidence in the record. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Richardson first argues that the ALJ erred by giving controlling weight to the medical opinion of reviewing psychologist Dr. Blaine Pinaire. Dr. Pinaire concluded that Richardson had, at most, moderate limitations in work-related functioning, explaining that school records did not support Richardson's claim that he attended special education classes and that Richardson's symptoms, interactions with others, and treatment history were not consistent with significant mental limitations.

A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). In contrast, opinions from non-treating and non-examining sources are never assessed for controlling weight. *Id.* Instead, the ALJ must consider such opinions based on all relevant factors, including the examining relationship or lack thereof, the specialization of the medical source, and the consistency and supportability of the opinion. *Id.*

Despite Richardson's argument to the contrary, the ALJ did not give controlling weight to Dr. Pinaire's medical opinion. Rather, the ALJ reasonably gave great weight to the opinion

because Dr. Pinaire fully explained the basis for his determination and his conclusions were consistent with other substantial evidence in the record.

Richardson next argues that the ALJ erred by discounting the medical opinions of examining psychologist Dr. J. Keith Ostien and case worker Maureen Fabiano, who both concluded that Richardson had significant work-related limitations in mental functioning. The ALJ reasonably gave little weight to the medical opinion of Ms. Fabiano because she is not a physician and her conclusion that Richardson had significant impairments conflicted with other substantial evidence in the record, including Richardson's 2008 mental health assessment, Fabiano's own treatment notes, and Dr. Pinaire's opinion. Likewise, the ALJ reasonably discounted Dr. Ostien's opinion because it was given after a single evaluation and his conclusions were based largely on Richardson's vague statements concerning his circumstances and condition.

Finally, Richardson argues that the ALJ's decision was not supported by the evidence in the record, including the medical opinion evidence and his Global Assessment Functioning (GAF) scores. Richardson's GAF scores, standing alone, are insufficient to undermine the ALJ's decision, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002); *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006), and, given that the ALJ properly considered the medical opinion evidence and other evidence in the record, the disability determination was supported by substantial evidence.

Accordingly, we affirm the district court's judgment.